**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwaine Winfrey, an individual, | No. CV-04-1725-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Gilbert, a body politic of the State of Arizona; City of Gilbert Police Department; and Gilbert Police Officer K. Hefner and Spouse Hefner, wife and husband, | |
| Defendants. | |

Pending before the Court are Defendants Town of Gilbert and Kari Hefner's motion for summary judgment and Plaintiff's cross-motion for partial summary judgment on the issue of probable cause. Docs. ##30, 34. The parties have filed responses to the motions and Defendants have filed a reply. Docs. ##34, 40. For the reasons set forth below, the Court will grant Defendants' motion and deny Plaintiff's cross-motion.[1]

## Background

Plaintiff was arrested and charged with felony shoplifting. The charge was dismissed.

---

[1] The Court will vacate the hearing scheduled for April 19, 2006, because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  Plaintiff commenced this action by filing a complaint against Defendants in state court on
2  May 28, 2004. The complaint purports to state six causes of action: wrongful prosecution,
3  false arrest/false imprisonment, abuse of process, gross negligence/negligence, and violations
4  of civil rights under 42 U.S.C. §§ 1983 and 1981. The action was removed to this Court on
5  August 19, 2004. Doc. #1.

## Discussion

### I. Summary Judgment Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### II. Analysis.

#### A. The Undisputed Facts.

The following facts are not disputed:

On August 14, 2002, a black male entered a Safeway grocery store in Gilbert, Arizona. He filled a shopping cart with various items and exited the store. The items in the cart were not in any type of grocery bag.

The assistant manager of the store, Robert Blum, and an employee, Kellie Williams, witnessed these events. Blum also witnessed the man placing the items into a white Cadillac parked in the store's parking lot. Blum was able to obtain the temporary license tag number from the window of the Cadillac. Blum and Williams viewed a surveillance video of the incident, which was consistent with their observations.

The same day, Gilbert police officer Kari Hefner was dispatched to the Safeway store to investigate the incident. Officer Hefner interviewed Blum, who stated that he witnessed a black male exit the store with a shopping cart full of items that consisted mostly of liquor and beer. Blum further stated that the items were not in any type of grocery bag and that the suspect exited the store without paying for them. Blum explained that he followed the suspect to the parking lot and witnessed him placing the items into the backseat of an older model white Cadillac. Blum provided Officer Hefner with the Cadillac's temporary license tag number, D3S212. Blum told Officer Hefner that the approximate value of the items taken by the suspect was $256.00. Blum described the suspect as approximately 6' to 6'2" tall and weighing between 260 and 280 pounds.

Officer Hefner also interviewed Williams. Williams stated that she witnessed the suspect exit through the front door of the store with a shopping cart full of items. Williams stated that she did not see the suspect pay for any of the items.

Officer Hefner viewed the surveillance video. The video showed a black male moving through the aisles of the store, placing items in his shopping cart. Blum told Officer Hefner that the man on the tape was the same man Blum observed leave the store without paying and place the items into a white Cadillac. Williams told Officer Hefner that she was also able to identify the black male on the surveillance video as the suspect.

Officer Hefner ran the temporary license tag number provided by Blum and learned that Plaintiff owned the white Cadillac. Officer Hefner then obtained a copy of Plaintiff's driver's license photograph for a photographic line-up. The physical description of Plaintiff on his driver's license appeared to match the description given by Blum.[2]

Two days after the shoplifting event, Officer Hefner conducted separate photographic line-ups with Blum and Williams. Prior to viewing the group of photographs, Blum and Williams were read a standard admonition. They were informed that the group of photographs they were about to view may or may not include a photograph of the suspect.

---

[2] Plaintiff notes that he is in fact 6'3" tall, not 6'2" tall as described by Blum. Doc. #35 ¶ c.

They were asked to look at the group of photographs and indicate to Officer Hefner whether any of the persons shown in the photographs resembled the suspect. They were cautioned not to tell each other whether they had identified anyone. Blum and Williams each independently circled Plaintiff's photograph and indicated that it resembled the person who stole the items from the store.

Based on this investigation, Officer Hefner requested that Plaintiff be charged with shoplifting. Plaintiff was subsequently arrested and charged with shoplifting. The charge was dismissed when it was discovered that the surveillance video of the incident was no longer available. *See* Docs. ##31 ¶¶ 1-24, 35 ¶¶ b-e.

### B.    Did Officer Hefner Have Probable Cause?

Defendants argue that Officer Hefner had probable cause to seek a shoplifting charge against Plaintiff. Doc. #30 at 7-11. Defendants further argue that because probable cause existed, all of Plaintiff's claims fail as a matter of law. *Id.* Plaintiff contends that Officer Hefner's investigation was inadequate and that she did not have probable cause to seek a shoplifting charge because neither Blum nor Williams "positively identified" Plaintiff as the shoplifter. Doc. #34 at 3-6 (citing *Watzek v. Walker*, 485 P.2d 3 (Ariz. Ct. App. 1971)).

"Where there is no factual dispute, probable cause is always a question of law for the [C]ourt." *Hansen v. Garcia*, 713 P.2d 1263, 1265 (Ariz. Ct. App. 1986); *see Gasho v. United States*, 39 F.3d 1420, 1248 (9th Cir. 1994) ("[W]hen there is no genuine issue of fact, summary judgment is appropriate if no reasonable jury could find an absence of probable cause under the facts."). A police officer has probable cause to seek charges against a person when the officer "has reasonably trustworthy information of facts and circumstances sufficient to lead a reasonable [person] to believe that an offense has been committed and the person to be [charged] committed it." *Hansen*, 713 P.2d at 1265; *see Gasho*, 39 F.3d at 1248 ("Probable cause exists when, 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability' that a crime was committed.") (citation omitted). Probable cause to seek charges "may exist despite the fact that the charges are subsequently dismissed[.]" *Hockett v. City of Tucson*,

1  678 P.2d 502, 505 (Ariz. Ct. App. 1984); *see Cullison v. City of Peoria*, 584 P.2d 1156, 1159
2  (Ariz. 1978) ("[W]hen the police make an arrest based upon probable cause, it is not material
3  that the person arrested may turn out to be innocent, and the arresting officer is not required
4  to conduct a trial before determining whether or not to make the arrest").

5  The Court concludes that Officer Hefner had probable cause to seek a shoplifting
6  charge against Plaintiff. It is undisputed that Officer Hefner interviewed both eyewitnesses
7  at the scene, viewed the surveillance video herself, obtained the photograph of the person
8  who owned the white Cadillac, and conducted two independent photographic line-ups in
9  which both eyewitnesses identified Plaintiff as resembling the suspect. The results of this
10 investigation provided reasonably trustworthy information sufficient to lead a reasonable
11 person to believe that Plaintiff had committed the offense of shoplifting. *See Cullison*, 584
12 P.2d at 1159 ("Based on the record in this case, we believe that the identification of the
13 eyewitness provided the police with sufficient probable cause upon which to make their
14 arrest."); *Walsh v. Eberlein*, 560 P.2d 1249, 1252 (Ariz. Ct. App. 1977) (holding that photo
15 line-up identifications coupled with the plaintiff's employment history with the business from
16 which blank checks were stolen was sufficient to provide probable cause that the plaintiff
17 was guilty of passing forged checks); *see also Greve v. State*, 285 P. 274, 331-32 (Ariz.
18 1930) (holding that eyewitness testimony that the defendant "resembled" the suspect was a
19 sufficient identification of the defendant).

20 The Court finds Plaintiff's reliance on *Watzek* unpersuasive. *Watzek* "recognize[d]
21 that in the absence of further circumstances, an eyewitness identification of an individual
22 furnishes probable cause to assume the guilt of the party identified." 485 P.2d at 6. The
23 "further circumstances" in *Watzek* consisted of expert testimony that the charging officer
24 failed to investigate a prime suspect and that the photographic line-up was unreliable. *Id.*
25 No such circumstances exist in this case. Plaintiff has presented no expert testimony
26 concerning the insufficiency of Officer Hefner's investigation, and has identified no other
27 suspect that was disregarded in her investigation. The eyewitness identifications of Plaintiff,
28 combined with all of the other facts collected by Officer Hefner in the investigation, therefore

1 were sufficient to establish probable cause. *See Walsh*, 560 P.2d at 1252 ("The decision in *Watzek* . . . is readily distinguishable. . . . Unlike *Watzek*, this case lacks circumstances sufficient to cast doubt on the information elicited from the witnesses.").

Because the undisputed facts show that Officer Hefner had probable cause to seek shoplifting charges against Plaintiff, all of Plaintiff's claims fail as a matter of law. *See Hansen*, 713 P.2d at 1265-66 (holding that because probable cause existed to arrest the plaintiff, summary judgment was appropriate on the plaintiff's malicious prosecution, false arrest, false imprisonment, gross negligence, negligence, and civil rights claims); *Cullison*, 584 P.2d at 1161 (same with respect to false imprisonment, malicious prosecution, gross negligence, and negligence claims); *Bird v. Rothman*, 627 P.2d 1097, 1100-02 (Ariz. Ct. App. 1981) (same with respect to a malicious prosecution claim and holding that summary judgment was appropriate on an abuse of process claim where there was no evidence of an improper use of the judicial process). The Court will grant Defendants' motion for summary judgment and deny Plaintiff's cross-motion for partial summary judgment.

**IT IS ORDERED:**

1. Defendants Town of Gilbert's and Kari Hefner's motion for summary judgment (Doc. #30) is **granted**.

2. Plaintiff Dwaine Winfrey's cross-motion for partial summary judgment (Doc. #34) is **denied**.

3. The fictitiously named defendants are **dismissed**.

4. Plaintiff shall, by **April 28, 2006**, show cause why Defendant City of Gilbert Police Department should not be dismissed for lack of service of process.

DATED this 17th day of April, 2006.

_____
David G. Campbell
United States District Judge

- 6 -